FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 23 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Joana Boadi,

**Plaintiff,**

      vs.

JPMorgan Chase Bank, N.A.,

**Defendant.**

---

**1:20-CV-4771**

CIVIL ACTION FILE NO. _____

## COMPLAINT

- Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

- Invasion of Privacy as set forth in Restatement (second) of Torts 652A (1977).

- Georgia Code on Torts O.C.G.A. § 51 et seq.

**Demand for Bench Trial**

Plaintiff, who is filing pro se alleges that at all times material:

1.

This is a civil action under the;

1

a) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

b) Common Law on Invasion of Privacy as set forth in Restatement (second) of Torts 652A (1977).

c) Georgia Code on Torts (OCGA) § 51 et Seq.

2.

Plaintiff Joana Boadi ("Plaintiff"), is a natural person and a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c) pg1, and was a customer of the Defendant as defined by the Federal Deposit Insurance Corporation ("FDIC") Law, Regulation and Related Acts – Miscellaneous Statutes & Regulations 31 C.F.R. § 1020.100 (c). Just before filing this complaint today November 23rd, 2020, Plaintiff has been informed by defendant on phone, that Defendant has terminated its banking relationship with Plaintiff. So everything contained in this complaint herein, relates Plaintiff's banking relationship with Defendant from August 27th, 2020 to November 23, 2020.

3.

Plaintiff currently resides in the state of Georgia with a correspondence address at 2897 N Druid Hills Rd NE, Suite # 134, Atlanta, GA 30329.

4.

Defendant JPMorgan Chase Bank N.A. ("Defendant") , is a financial institution as defined under FCRA, 15 U.S.C. § 1681a(t) pg9; and a bank as defined by FDIC Law, Regulation and Related Acts – Miscellaneous Statutes & Regulations 31 C.F.R. § 1010.100(d).

5.

Defendant is a citizen of the State of Ohio as stated in Defendant's Articles of Association with the following address details, including but not limited to;

a) Registered Address: 1111 Polaris Parkway, Columbus, OH 43240.

b) Mailing Address: P.O. Box 6185, Westerville, OH, 43086.

c) Registered Agent Address in Georgia:  CT Corporation System, 289 S Culver St, Lawrenceville, Ga, 30046.

d) And for the purposes of this case, Defendant also has a residential address at 2875 N Druid Hills Rd NE, Atlanta, GA 30329.

6.

The term "credit report" in this complaint is a consumer report as defined under FCRA 15 U.S.C. § 1681a(d) pg1.

3

7.

Plaintiff, has elected to opt out of Defendant's "Binding Arbitration Agreement" as offered by Defendant within sixty (60) days of checking account opening. Plaintiff, has notified Defendant of the opt-out in a letter dated Friday, October 2, 2020; and by phone with Defendant's 'Business Escalation Department' with case reference number 20200929CNRS0009.

8.

This court has:

a.) **Original Jurisdiction** on the basis of diversity of citizenship. This is pursuant to 28 U.S.C. § 1332, *Haynes v. JPMorgan Chase Bank N.A. case number 11-13858 (E.D. Mich. Oct. 3, 2011).* Plaintiff also seeks to recover damages in excess of USD seventy-five thousand dollars ($75,000).

b.) **Personal jurisdiction over Defendant.** This is pursuant to "Account Deposit agreement" of Defendant, which empowers Plaintiff to file any court case against Defendant, in an appropriate court in Plaintiff's state of residence. In support of Georgia code O.C.G.A. § 9-10-91 *(Grounds for exercise of personal jurisdiction over nonresident)*; Defendant has about eighty (80) branches and 215 atms in Metro Atlanta as of June 2018. *Hayes v. JPMorgan*

4

*Chase Manhattan Corporation Civil action no. 3:04CV485LN (S.D.Miss. Nov. 28 2005).*

c.) **Subject Matter Jurisdiction.** Federal courts in Georgia have presided over cases involving all laws listed in paragraph 1(a-c) herein.

9.

This selected court is also in compliance with local rules on Venue of Civil Action LR 3.1B.

10.

Plaintiff, on Thursday August 27, 2020; went by appointment into Defendant's branch situated at 2875 N Druid Hills RD NE Atlanta, GA 30329, to open a checking account with Defendant.

11.

Defendant's employee by name Mr. Brian C. Vercel ("Defendant employee") opened a checking account for Plaintiff, and set up Plaintiff herein on Defendant's online banking platform.

12.

Defendant's employee then asked Plaintiff to key in her personal username and password on Defendant's employee's computer, to see if Plaintiff can log unto Defendant's online banking platform successfully.

13.

Plaintiff, successfully logged into her online banking account on Defendant's employee's computer.

14.

Defendant's employee then asked Plaintiff to click on a link called "credit journey", on Plaintiff's online account.

15.

Plaintiff clicked on the link called "credit journey" on Defendant's employee's computer.

16.

Upon clicking the "credit journey" link, Plaintiff's personal credit report including her credit score, immediately displayed on Defendant's computer in front of Defendant's employee.

17.

Defendant's employee turned the computer to face himself and read Plaintiff's personal credit score and credit report details for at least two (2) minutes without obtaining authorized consent from Plaintiff.

18.

Plaintiff's personal credit score and credit report details were largely displayed on Defendant's computer, and easily visible to any third party that could have walked into Defendant's employee desk.

19.

Defendant's employee then asked Plaintiff to log out of her online banking account and Defendant's employee ended the meeting.

20.

Flushed with shock at the rude invasion of her privacy, Plaintiff left the banking hall totally shaken and heavy headed. Plaintiff's heartbeat and blood pulse was racing so fast, it took at least another five (5) minutes for Plaintiff to gather the strength to drive out of Defendant's parking lot.

21.

Defendant's employee actions compounded with the fact that Plaintiff had a poor credit score, left Plaintiff very embarrassed and emotionally injured to the extent

that, Plaintiff could not put in a full day's work as a food courier that day. Plaintiff had to close work early, as she was left in tears all day by the incident.

22.

Plaintiff, who is a black woman, also felt racially discriminated by the incident because Plaintiff asserts that citizens of other races, are not made to expose their personal credit score and credit report details to Defendant's employees during and after a checking account has been opened for them; unless under very exceptional conditions as described in FDIC Law, Regulation and Related Acts – Miscellaneous Statutes & Regulations 31 C.F.R. § 1020.220(a)(2)(ii)(B).

23.

Later on that day, unable to bear the pain of her emotional injury, Plaintiff wrote an email to Defendant's employee to explain how she felt, but did not receive a response nor apology from Defendant's employee.

24.

Defendant has not officially responded to Plaintiff's correspondence on this matter.

## FIRST CLAIM FOR RELIEF.

### FCRA, 15 U.S.C. § 1681n.

25.

Plaintiff realleges paragraphs 1-24 as if fully set forth herein.

26.

Defendant willfully failed to comply with the requirements imposed under FCRA, 15 U.S.C. § 1681 et seq., including but not limited to:

**a.)** Defendant employee did not communicate to Plaintiff, that clicking on "credit journey" in front of him will expose Plaintiff's personal credit score and credit report information, as required under FCRA, 15 U.S.C. § 1681a(o)(5) (C) pg 7.

**b.)** Defendant's employee did not obtain authorized consent from Plaintiff before viewing Plaintiff's private credit score and detailed credit report in breach of FCRA, 15 U.S.C. § 1681a(o)(5)(A) pg6.

**c.)** Defendant's employee looked at Plaintiff's personal credit report without a legitimate need for it. This in breach of FCRA, 15 U.S.C. § 1681b(a)(3)(F) pg11.

**d.)** Plaintiff did not initiate any business transaction that required willful consent, to provide her credit score and credit report information to

9

Defendant. FCRA, 15 U.S.C. § 1681(b)(a)2 pg11 and FCRA, 15 U.S.C. § 1681 (b)(a)(3)(f) pg11.

**e.**) Checking account opening is not listed as a permissible purpose under FCRA, which demands provision of credit score and detailed credit report information. FCRA, 15 U.S.C. § 1681b pg11.

**f.**) Unless for debt collection or special purposes ; financial institution employees who open checking accounts, are not identified as authorized personnel who can obtain a customer's credit score without consent under FCRA, 15 U.S.C. § 1681b.

27.

As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, distress, frustration, embarrassment, humiliation as well as actual income loss all to her damages, in an amount to be determined by the court.

28.

Plaintiff is entitled to punitive damages for willful non-compliance in an amount to be determined by the court FCRA, 15 U.S.C. § 1681n(a)(2) pg79.

29.

10

Plaintiff is entitled to actual damages in an amount to be determined by the court in addition to any statutory damages in an amount to be determined by the court. FCRA, 15 U.S.C. § 1681n(a)(1) pg79.

30.

Plaintiff is entitled to her legal costs, costs of legal research and consultation and possible attorney fees as determined by the court. FCRA, 15 U.S.C. § 1681n(a)(3) pg79.

**SECOND CLAIM FOR RELIEF.**

**FCRA, 15 U.S.C. § 1681o.**

31.

Plaintiff realleges paragraphs 1-24 as if fully set forth herein.

32.

Defendant negligently failed to comply with the requirements imposed under FCRA, 15 U.S.C. § 1681 et seq., including but not limited to:

**a.)** Defendant employee did not communicate to Plaintiff, that clicking on "credit journey" in front of him will expose Plaintiff's personal credit score and credit report information, as required under FCRA, 15 U.S.C. § 1681a(o)(5) (C) pg 7.

11

**b.**) Defendant's employee did not obtain authorized consent from Plaintiff before viewing Plaintiff's private credit score and detailed credit report in breach of FCRA, 15 U.S.C. § 1681a(o)(5)(A) pg6.

**c.**) Defendant's employee looked at Plaintiff's personal credit report without a legitimate need for it. This in breach of FCRA, 15 U.S.C. § 1681b(a)(3)(F) pg11.

**d.**) Plaintiff did not initiate any business transaction that required willful consent, to provide her credit score and credit report information to Defendant. FCRA, 15 U.S.C. § 1681(b)(a)2 pg11 and FCRA, 15 U.S.C. § 1681 (b)(a)(3)(f) pg11.

**e.**) Checking account opening is not listed as a permissible purpose under FCRA, which demands provision of credit score and detailed credit report information. FCRA, 15 U.S.C. § 1681b pg11.

**f.**) Unless for debt collection or special purposes ; financial institution employees who open checking accounts, are not identified as authorized personnel who can obtain a customer's credit score without consent under FCRA, 15 U.S.C. § 1681b.

33.

As a result of Defendant's negligent non-compliance of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, distress, frustration, embarrassment, humiliation as well as actual income loss all to her damages, in an amount to be determined by the court.

34.

Plaintiff is entitled to actual damages in an amount to be determined by the court in addition to any statutory damages in an amount to be determined by the court. FCRA, 15 U.S.C. § 1681o(a)(1) pg80.

35.

Plaintiff is entitled to her legal costs, costs of legal research and consultation and possible attorney fees. FCRA, 15 U.S.C. § 1681o(a)(2) pg80.

**THIRD CLAIM FOR RELIEF.**

**COMMON LAW ON INVASION OF PRIVACY AS SET FORTH IN RESTATEMENT (SECOND) OF TORTS § 652A-E (1977).**

36.

Plaintiff realleges paragraphs 1-24 as if fully set forth herein.

13

37.

Under common law rules of right to privacy, as set forth in Restatement (second) of Torts § 652A-E (1977); the tort of "intrusion upon seclusion" states that "one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another his private affairs or concern is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Publication or broad public disclosure of private information is not a necessary element under this tort.

38.

In *Nader v. General Motors Corp.,25 N.Y. 2d 560, 1970*; the court found that General Motors' committed an intrusion into seclusion when agents of the corporation spied on the Plaintiff in a bank, looking over his shoulder to see his private financial records. This amounted to intrusion upon seclusion because the conduct was designed to elicit information which was not available through normal inquiry or observation.

39.

From the aforementioned in paragraph 37 and 38;

  **a)** Plaintiff was in a secluded space at one of Defendant's enclosed desk in the banking hall with Defendant's employee.

14

**b)** During and after Defendant's employee herein, opened the checking account for the Plaintiff; Plaintiff's personal credit score and detailed credit report was not available to Defendant's employee through normal inquiry or observation.

**c)** Defendant's employee herein, intentionally intruded on Plaintiff's privacy by insisting that Plaintiff click on the link called "credit journey", without any need for it.

**d)** Defendant's employee, turned his computer to face himself and intentionally read Plaintiff's private credit score and credit report details for at least two (2) minutes without authorized consent from the Plaintiff.

**e)** Defendant's employee actions stated in paragraphs 39(c-d) was highly offensive to Plaintiff. This is evidenced in an email Plaintiff wrote to Defendant employee on August 27, 2020, which is the same day after the injury occurred.

**f)** Defendant's employee actions stated in paragraphs 39(c-d) will be highly offensive to any reasonable person because all things being equal, anyone will be highly offended if any other person viewed and read their private credit score and detailed credit report without one's permission, and without a need to do so.

**g)** The Defendant's employee intentional intrusion of Plaintiff's privacy upon seclusion, inflicted emotional harm on the Plaintiff which includes but not limited to worry, distress, frustration, embarrassment and humiliation.

**h)** The harm inflicted on the Plaintiff by the Defendant's employee from the aforementioned paragraph 39(c-d), led to actual income (economic) loss for the Plaintiff. This is because plaintiff was unable to put in a full days' work on the day the injury occurred, due to emotional distress from defendant's employee actions in paragraph 39(c-d).

40.

As a result of Defendant's employee tort of invasion of Plaintiff's privacy, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, distress, frustration, embarrassment, humiliation, as well as actual income loss all to her damages, in an amount to be determined by the court.

41.

Plaintiff is entitled to punitive damages in an amount to be determined by the court. In *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530, the Supreme court awarded punitive damages for the tort of intrusion upon seclusion.

42.

16

Plaintiff is entitled to compensatory damages in an amount to be determined by the court in addition to any statutory damages in an amount to be determined by the court. In *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530; the Supreme Court awarded compensatory damages for the tort of intrusion upon seclusion.

43.

Plaintiff is entitled to her legal costs of research and consultation and possible attorney fees.

**FOURTH CLAIM FOR RELIEF**

**GEORGIA CODE ON TORTS O.C.G.A § 51 ET SEQ.**

44.

Plaintiff realleges paragraphs 1-24 as if fully set forth herein.

45.

Defendant was ordinary negligent because;

a) Defendant's employee did not exercise ordinary diligence; by not adhering to a standard of reasonable care, by obtaining Plaintiff's private credit score and credit report without a legitimate need for it and without consent as required under FCRA, 15 U.S.C. § 1681 et seq . *O.C.G.A. 51-1-2 (2010).*

17

**b)** From the violations described in paragraph 45a); Defendant's employee invaded Plaintiff's right to privacy and therefore Defendant's employee herein, breached duty of care imposed on bank officers by the FDIC, "to act as prudent and diligent business persons in conducting the affairs of the bank." *FDIC Law, Regulation and Related Acts – Statement of Policy FIL-87-1992.*

**c)** Defendant's employee breach of duty of care to Plaintiff, was highly offensive to Plaintiff and directly harmed Plaintiff emotionally. Thus Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, distress, frustration, embarrassment and humiliation. This is evidenced in an email Plaintiff wrote to Defendant's employee on August 27, 2020, which is the same day after the injury occurred.

**d)** The harm of emotional distress inflicted on Plaintiff by Defendant's employee, has resulted in actual income loss to Plaintiff. Plaintiff was unable to complete a full day's work on the day the injury occurred, and has had to incur more costs to file this case in court.

46.

As a result of Defendant's employee tort of negligence on Plaintiff, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, distress,

frustration, embarrassment, humiliation, as well as actual income loss all to her damages, in an amount to be determined by the court.

47.

Plaintiff is entitled to recovery of special damages for tort of negligence caused by Defendant in an amount to be determined by the court. *O.C.G.A. 51-12-2(b) (2010).*

48.

Plaintiff is entitled to recovery of general damages for tort of negligence caused by Defendant in an amount to be determined by the court. *O.C.G.A. 51-12-2 (a) (2010).*

## FIFTH CLAIM FOR RELIEF

## GEORGIA CODE ON TORTS O.C.G.A § 51 ET SEQ.

49.

Plaintiff realleges paragraphs 1-24 as if fully set forth herein.

50.

Defendant breached legal duty to Plaintiff because;

a) Defendant's employee did not exercise ordinary diligence; by not adhering to a standard of reasonable care, by obtaining Plaintiff's private credit score and credit report without a legitimate need for it and without consent as required under FCRA, 15 U.S.C. § 1681 et seq . *O.C.G.A. 51-1-2 (2010).*

b) From the violations described in paragraph 50a); Defendant's employee invaded Plaintiff's right to privacy and therefore Defendant's employee herein, breached duty of care imposed on bank officers by the FDIC, "to act as prudent and diligent business persons in conducting the affairs of the bank." *FDIC Law, Regulation and Related Acts – Statement of Policy FIL-87-1992.*

c) Defendant's employee breach of duty of care to Plaintiff, was highly offensive to Plaintiff and directly harmed Plaintiff emotionally. Thus Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, distress, frustration, embarrassment and humiliation. This is evidenced in an email Plaintiff wrote to Defendant's employee on August 27, 2020, which is the same day after the injury occurred.

d) The harm of emotional distress inflicted on Plaintiff by Defendant's employee, has resulted in actual income loss to Plaintiff. Plaintiff was unable to complete a full day's work on the day the injury occurred, and has had to incur more costs to file this case in court.

51.

As a result of Defendant's employee breach of legal duty to Plaintiff, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, distress,

frustration, embarrassment, humiliation, as well as actual income loss all to her damages, in an amount to be determined by the court.

52.

Plaintiff is entitled to recovery of actual damages for breach of legal duty in an amount to be determined by the court. *O.C.G.A. 51-1-6 (2010).*

53.

Plaintiff is entitled to her legal costs of research and consultation and possible attorney fees.

**PRAYER**

Plaintiff demands a bench trial on all claims. Wherefore Plaintiff Joana Boadi prays for a judgement as follows:

1. On Plaintiff's First Claim for Relief for willful violations of the FCRA against Defendant JPMorgan Chase Bank N.A.:

    a) Actual damages in an amount to be determined by the court;

    b) Punitive damages in an amount to be determined by the court; and

    c) Statutory damages as determined by the court;  and

    d) Legal costs, costs of legal research and consultation and possible attorney fees.

21

2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendant JPMorgan Chase Bank N.A.:

   a) Actual damages in an amount to be determined by the court;

   b) Legal costs, costs of legal research and consultation and possible attorney fees.

3. On Plaintiff's Third Claim for Relief under Common Law Rules on Invasion of Privacy Restatement (second) of Torts § 652A-E (1977) against Defendant JPMorgan Chase Bank N.A.:

   a) Punitive damages in an amount to be determined by the court;

   b) Compensatory damages in an amount to be determined by the court; and

   c) Legal costs, costs of legal research and consultation and possible attorney fees.

4. On Plaintiff's Fourth Claim for Relief for ordinary negligence under OCGA § 51 et seq. against Defendant JPMorgan Chase Bank N.A.:

   a) Special damages in an amount to be determined by the court;

   b) General damages in an amount to be determined by the court;

   c) Legal costs, costs of legal research and consultation and possible attorney fees.

5. On Plaintiff's Fifth Claim for Relief for breach of legal duty under OCGA § 51 et seq. against Defendant JPMorgan Chase Bank N.A.:

   a) Actual damages in an amount to be determined by the court;

   b) Legal costs, costs of legal research and consultation and possible attorney fees.

6. On All Claims for Relief, costs and expenses incurred in this action.

Dated this 23rd day of November, 2020.

Respectfully submitted by;

Joana Boadi

Joana Boadi
2897 N Druid Hills Rd suite #134,
Atlanta, GA 30329
Joana.Boadi@yahoo.com
Telephone (404) 513 – 7312
Filing Pro Se

23

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Joana Boadi,

**Plaintiff,**

   vs.

JPMorgan Chase Bank, N.A.,

**Defendant.**

CIVIL ACTION FILE NO._____

    **Demand for Bench Trial**

## CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff Joana Boadi who is initiating this action pro se, declares that she is a natural person and not a corporation. Plaintiff declares that no other persons, associations, firms, partnerships or corporations have a financial interest in her or other interest which could be substantially affected by the outcome of this particular case.

Dated this 23rd day of November, 2020.

Respectfully submitted by;

Joana Boadi

Joana Boadi,
2897 N Druid Hills Rd suite #134,
Atlanta, GA 30329.
Joana.Boadi@yahoo.com.
Telephone (404) 513 – 7312.
Filing Pro Se.

25

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared

in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

Dated this 23rd day of November, 2020.

Respectfully submitted by;

Joanâ Boadi

Joana Boadi
2897 N Druid Hills Rd suite #134,
Atlanta, GA 30329
Joana.Boadi@yahoo.com
Telephone (404) 513 – 7312
Filing Pro Se

24